## HINES LUMBER CO. *v.* STATE TAX COMMISSION

Thomas S. Moore, Portland, argued the cause for plaintiff.

Donald H. Burnett, Assistant Attorney General, Salem, argued the cause for defendant.

Decision for defendant rendered October 28, 1963.

PETER M. GUNNAR, Judge.

This is a suit for refund of corporate excise taxes for various years from 1950 through 1960. A decision on the issues raised by the defendant's general demurrer now before the court, will dispose of the case.

Plaintiff is a unitary, multi-state, lumber manufacturing and retailing concern, which owns Oregon real and personal properties used in the manufacture of lumber. Under the corporation excise tax law, plain-

tiff must use the allocation method to determine its Oregon net income and is entitled to offset its personal property taxes against its corporation excise tax.

In issue is the place in the computation of plaintiff's net income at which Oregon personal property taxes should be added back to determine Oregon net income subject to excise tax, against which those same personal property taxes are a direct offset. The commission's regulation allows the deduction of Oregon personal property taxes to arrive at plaintiff's unitary net income, then applies the allocation percentage to that unitary net income, and finally adds the personal property taxes to determine Oregon net income. Plaintiff contends that the commission's regulation is not in accord with the statute and that personal property taxes should be added to the unitary net income before the allocation percentage is applied.

The proper treatment of Oregon personal property taxes in the computation of plaintiff's Oregon net income has already been litigated with respect to the years 1948 and 1949 in *Hines Lumber Co. v. State Tax Comm.*, 215 Or 453, 336 P2d 75 (1959). Plaintiff contends that the decision in that case did not determine the issue as plaintiff now presents it.

■ Mr. Justice PERRY's opinion sets forth plaintiff's contentions in the earlier case. Among them is the same contention made in this case, to wit: "* * * (2) if it [the commission's formula] does not violate the regulations, it does violate the governing statute ORS 317.180 * * *." 215 Or at p 470. The court then decides that the formula adopted in the commission's regulation is valid and, with specific reference to the statute, Mr. Justice PERRY states: "This

interpretation, which is in conformity with that of the Commission, does no violence to these statutes. \* \* \*" 215 Or at 483. Because it determined the same issue here presented, the earlier Supreme Court decision disposes of this case under the doctrine of *stare decisis*.

■ Even if this court were not to find that earlier Supreme Court decision controlling, it can see no impelling reason for adopting the plainitff's formula. The commission conceivably might espouse a much more complicated method of treating Oregon personal property taxes in its net income formula and come closer to exactness in the attribution of multi-state income to Oregon. However, the formula proposed by the plaintiff is equally as open to the criticism of inexactness as that promulgated by the commission. The allocation formula method is recognized as "an approximation and not exact." *Hines Lumber Co. v. State Tax Comm., supra,* at p 480. The use of either the plaintiff's method or the commission's method arrives at a reasonable approximation. Since the commission's method has already been held not to violate either the statute or the constitution and does arrive at a reasonable approximation, it will not be disturbed in this court.

A decree sustaining the opinion and order of the commission, denying a refund to the plaintiff, and awarding the defendant its costs herein will be prepared and submitted under Rule 32.\*

---

\* Foregoing case appealed. Oregon Supreme Court opinion found in 238 Or 274, 393 P2d 187 (1964).